# In the United States Court of Federal Claims

| | |
|---|---|
| AARON M. ACKLAND | ) |
| *Plaintiff,* | ) Case No. _____24-1992C_____ |
| -v- | ) Judge _____ |
| THE UNITED STATES, | ) |
| *Defendant.* | ) |

## COMPLAINT

**Basis for Jurisdiction**

1. Under the Tucker Act, 28 U.S.C. Section 1491, The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded, either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contact with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

2. The Plaintiff, Aaron M. Ackland, is a current employee of the Federal Bureau of Investigation, hereinafter "FBI", and was at all relevant times referenced in this complaint an employee of the FBI, with a payrate established under the General Schedule (GS) pay scale outlined in 5 U.S.C. Section 5332.

3. The FBI, is a component of the Department of Justice (DOJ), operating under the Executive Branch of the United States. On or about October 26, 2022,

Received - USCFC
DEC 03 2024

representatives of the FBI entered into an employment contract with Plaintiff, that was subsequently materially breached by Defendant.

**Statement of Facts**

4   Plaintiff is an FBI Special Agent assigned to the St. Louis Division, with an Entered-On-Duty (EOD) date of April 18, 2004.

5   On or about March 29, 2020, Plaintiff was employed as an FBI Special Agent at a pay rate of GS-13, Step 8, with a next within-grade-increase (WGI) due 156 weeks later, on or about March 29, 2023. These periodic step increases are codified in 5 U.S.C. Section 5335.

6   On or about October 24, 2021, Plaintiff was promoted to an FBI Supervisory Special Agent (SSA), at a pay rate of GS-14, Step 5, as directed in 5 U.S.C. Section 5334(b). Approximately one (1) year later, for personal reasons, Plaintiff no longer desired to be in a supervisory role within the FBI, and inquired of FBI St. Louis Division executive management the process to "step-down" to a Special Agent (GS-13), and ramifications to Plaintiff's pay scale if Plaintiff were to "step-down". FBI St. Louis management directed Plaintiff to consult with personnel from FBI Human Resources Division, hereinafter "HRD".

7   On October 26, 2022, subsequent to contacting HRD personnel regarding "stepping-down" to a GS-13, Plaintiff was directed by FBI HR Specialist Crystal Gissy to sign a "Statement of Understanding" contract stating Plaintiff's pay would be reduced from GS-14, Step 5 to GS-13, Step 8. Before signing the contract, Plaintiff sent a clarification e-mail to Gissy to ascertain the specifics of Plaintiff's GS-13, Step 8 pay if the contact were to be signed.

8   On October 26, 2022, Gissy sent a reply email with an attachment for the "Highest Previous Rate Policy Directive (HPR) 1192D", with the following guidance restated in the body of the email, a copy of the email is attached hereto as "Exhibit 1", and incorporated by reference:

> "Your pay was based on the Highest Previous Rate Policy Directive (attached), specifically 5.5 *Voluntary CLG from Temporary Assignment*. Section 5.5.1 reads: *"If the HPR is based on a temporary assignment and the employee has not served for at least two consecutive years in the higher graded position, the employee will be placed back in his or her previous grade/assignment following the end of the temporary promotion and will receive any WGIs that would have accrued had the employee not served in the temporary promotion. The two-consecutive-year requirement can be a combination of permanent or temporary (e.g., headquarters staffing initiative [HSI]) time in position."*

9   On October 26, 2022, having materially relied upon guidance from Gissy, an authorized agent of the FBI, Plaintiff signed the aforementioned "Statement of Understanding", and was subsequently reduced in pay to a GS-13, Step 8. A copy of the signed Statement of Understanding is attached hereto as "Exhibit 2", and incorporated by reference.

10  According to the aforementioned agreed contractual terms, as defined by common law rules and memorialized in the Restatement (Second) of Contracts Section 5, Plaintiff was due a pay increase to GS-13, Step 9, on or about March 29, 2023 (156 weeks after first receiving the GS-13, Step 8 pay raise) as that was

the date the *"WGIs [that] would have accrued had the employee not served in the temporary promotion."* These terms were provided by FBI HRD in "Exhibit 1" prior to Plaintiff signing "Exhibit 2", and were materially relied upon by Plaintiff when signing the contract for reduced compensation, thus satisfying the common law contractual elements of offer, acceptance and consideration.

11. After signing the "Statement of Understanding", but prior to March 29, 2023, Plaintiff contacted FBI HR Supervisor Luke DiLuigi to ensure that Plaintiff's pay raise would proceed on March 29, 2023 as agreed in the signed contract. DiLuigi claimed the guidance provided by Gissy was incorrect, and Plaintiff's total time as a GS-13, Step 8 had been reset to October 26, 2022, and the agreement would not be honored as Section 5.5.1 only applies to temporary promotions.

12. DiLuigi further claimed that 5 U.S.C. Section 531.407, not Section 5.5.1, applied to Plaintiff's "step-down" situation, and that FBI HRD personnel would be provided additional training on "step-down" policies so the error in question would not occur to additional employees. A copy of the email correspondence with DiLuigi is attached hereto as "Exhibit 3", and incorporated by reference.

13. To date, FBI has refused to honor the terms of the contract with Plaintiff, and Plaintiff remains at a GS-13, Step 8 pay rate. Plaintiff has availed himself of internal grievance procedures, to include the Office of Personnel Management (OPM) Merit Board, the Office of the Ombudsman, and DOJ – Office of Inspector General (OIG), but while individuals within these entities have

expressed agreement with Plaintiff's position, they lack the requisite authority to force the FBI to honor the contract.

**Relief**

14  As a direct and proximate result of Defendants' wrongful acts, Plaintiff suffered monetary loss, and as such Plaintiff respectfully requests the Court order rescission of the contact ("Exhibit 2"), and place Plaintiff back in the position Plaintiff held prior to entering into the contract. Specifically, Plaintiff would be placed back at a GS-14, Step 5 pay scale, with corresponding back pay from October 26, 2022, amounting to approximately $11,216 per year / $30.72 per day (difference between GS-13, Step 8 and GS-14, Step 5), with applicable post-judgement interest, contractual Thrift Savings Plan (TSP) contributions, corrected pension calculations, and reasonable attorney fees, as outlined in Title 5 U.S.C. Section 7102.

**Certification and Closing**

15  Plaintiff has filed no other lawsuits regarding this matter in the United States Court of Federal Claims.

16  Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically identified, will likely have evidentiary support after a reasonable opportunity for further

investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

17. I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file may result in the dismissal of my case.

**I state under the penalty of perjury that the foregoing is true and correct.**

11/22/2024
DATE

Respectfully submitted,

Aaron M. Ackland
*Plaintiff*